UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HAYDEN KHO, JR., et al., | Case No. 2:19-CV-596 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| JIANGTIAN SUN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Hayden Kho, Jr. and Victoria G. Belo's ("plaintiffs") motion for summary judgment. (ECF No. 24). Defendants Jiangtian Sun and Sun Timepiece Trade, LLC (collectively, "defendants") did not respond and the time to do so has passed.

**I.     Background**

This action arises from defendants' failure to deliver two Rolex watches. *See* (ECF No. 1). In spring 2018, plaintiffs agreed to purchase two limited edition Rolex watches from defendants for $294,550.00. *Id.* To secure the purchase, plaintiffs paid a $235,640.00 deposit with the understanding that they would pay the remaining balance upon delivery of the watches. *Id.*

By late September 2018, defendants had not delivered the watches. *Id.* When plaintiffs inquired about the status of the order, defendants represented that they were expecting delays because their distributor "just got [bought] out and [was] going through a transition." *Id.* In December 2018, plaintiffs again asked defendants about the watches. *Id.* Defendants told plaintiffs that they did not have the watches, but they were "on top of it." *Id.* In February 2019, defendants advised plaintiffs that there was a mix up with the shipments but that the watches

**James C. Mahan**
**U.S. District Judge**

were coming. *Id.* Thereafter, defendants ceased all communication with plaintiffs and failed to deliver the watches or refund the deposit. *Id.* at 4–5.

On April 5, 2019, plaintiffs filed a complaint alleging (1) conversion; (2) intentional and fraudulent misrepresentation; (3) unjust enrichment; and (4) breach of contract. (ECF No. 1). The court dismissed the misrepresentation claim, (ECF No. 16), and plaintiffs now move for summary judgment. (ECF No. 24).

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If

James C. Mahan
U.S. District Judge

the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   Discussion**

Defendants do not oppose plaintiffs' motion for summary judgment. But "summary judgment cannot be granted by default, even if there is a *complete* failure to respond to the motion." Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e) (emphasis added). The court may grant summary judgment only if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e). And this principle is borne out by Ninth Circuit case law holding that a court cannot grant a summary judgment motion merely because it is unopposed. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Thus, even without an opposition,

**James C. Mahan**
**U.S. District Judge**

- 3 -

the court must apply standards consistent with Federal Rule of Civil Procedure 56 to determine if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Id.*

Plaintiffs' complaint includes claims for conversion and breach of contract. (ECF No. 1 at 5–6). First, in order to establish a claim of conversion in Nevada, plaintiffs must prove that defendants "wrongfully exerted dominion over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion, or defiance of such rights." *Winchell v. Schiff*, 124 Nev. 938, 944 (2008). Further, "[l]iability for conversion is predicated upon general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Id.*

Plaintiffs claim that defendants wrongfully converted their funds in the amount of $235,640.00. "A specific and identified amount of money can form the basis of a conversion claim." *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1024 (N.D. Cal. 2008). It is undisputed that plaintiffs paid defendants a specific amount of money, $235,640.00, via two wire transfers on May 9, 2018, and May 17, 2018, as a deposit for two Rolex watches. (ECF No. 24 at 8). Additionally, it is undisputed that defendants failed to provide the watches to plaintiffs and have continued to deprive plaintiffs of their money. *Id.*

Here, defendants wrongfully exerted dominion over plaintiffs' personal property when defendants failed to deliver the watches and failed to return plaintiffs' funds. *Id.* Further, defendants' continued retention of the deposit has denied plaintiffs of those funds entirely. *Id.* at 7. Thus, the court finds that plaintiffs have successfully proven a claim of conversion.

Next, the court turns to plaintiffs' claim of breach of contract. "A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). Thus, "Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones,* 1 Nev. 405 (Nev. 1865)).

**James C. Mahan**
**U.S. District Judge**

- 4 -

It is undisputed that plaintiffs and defendants had a valid contract. "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson,* 121 Nev. 668, 672 (2005). Here, defendants offered to sell plaintiff the watches for $294.550.00. (ECF No. 24 at 9). Plaintiffs accepted the offer and provided consideration via their deposit of $235,640.00. *Id.*

Plaintiffs performed their contractual obligations, as evidenced by their deposit. *Id.* at 13. However, defendants breached by failing to perform on a material part of the contract: delivering the watches to plaintiffs. *Id.* This breach resulted in damages to plaintiffs in the amount of $235,640.00. *Id.* Thus, plaintiffs have successfully proven a claim of breach of contract.

Accordingly, plaintiffs' motion for summary judgment on their claims for conversion and breach of contract are granted. But, because the court finds that plaintiffs prevail on their breach of contract, they cannot sustain their unjust enrichment claim as a matter of law. See *Lipshie v. Tracy Investment Co.,* 566 P.2d 819, 824 (Nev. 1977). Therefore, the court dismisses plaintiffs' unjust enrichment claim *sua sponte*.

Additionally, the court dismissed plaintiffs' claim of intentional and fraudulent misrepresentation for failure to plead with sufficient particularity. (ECF No. 16). Plaintiffs did not file an amended complaint or otherwise revive this claim. Therefore, the court denies plaintiffs' motion as it pertains to their misrepresentation claim.

**IV.   Conclusion**

The court grants plaintiffs' motion as to their conversion and breach of contract claims. The court denies the motion as it pertains to the previously-dismissed misrepresentation claim. The court denies the motion for summary judgment on the unjust enrichment claim and, instead, dismisses it *sua sponte*.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for summary judgment (ECF No. 24) be, and the same hereby is, GRANTED, in part, and DENIED, in part, consistent with the foregoing.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Plaintiffs shall, within 14 days of this order, file a proposed judgment consistent with the foregoing.

DATED June 22, 2020.

_____
UNITED STATES DISTRICT JUDGE